# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN
# CIVIL ACTION NO. 1:11MC-P8-M

**RUSSELL GLENN FARMER**  PETITIONER

v.

**RANDY WHITE, WARDEN**  RESPONDENT

## MEMORANDUM OPINION & ORDER

Petitioner is a Kentucky state inmate who was sentenced to fifty years in prison by the Logan Circuit Court on April 23, 2009. The Kentucky Supreme Court affirmed Petitioner's conviction in a decision rendered September 23, 2010. This matter before the Court on Petitioner's *pro se* motion for a 90-day extension of time to file a petition for writ of habeas corpus under 28 U.S.C. § 2254.[1] As grounds for the request, Petitioner asserts that he is preparing to pursue Kentucky state postconviction relief by way of a Kentucky Rule of Criminal Procedure 11.42 action, but has yet to do so based on an inability to "obtain vital documents." To his motion, he attaches documents that relate to his many efforts to obtain a copy of his criminal file from his retained counsel.

Federal courts do not have the authority to prospectively extend, stop, or toll the one-year statute of limitations for habeas actions. *Carter v. Bradshaw*, 644 F.3d 329, 337 (6th Cir. 2011)

---

[1] Petitioner asserts in his motion that the deadline to file his federal habeas action challenging his conviction expires in September 2011. The one-year limitation begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). This period includes the 90-day period within which a petitioner can file a petition for writ of certiorari from the U.S. Supreme Court, whether or not the petitioner actually files such a petition. *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001). From a review of the record, it appears that Petitioner may have failed to account for this 90-day period when he calculated the due date for his habeas petition.

("Equitably tolling the AEDPA statute of limitations prospectively was an inappropriate disposition."). As such, the Court cannot grant Petitioner the requested relief. For this reason, his motion is **DENIED**.

This does not mean, however, that Petitioner is left without any options. If Petitioner believes that the statute of limitations for filing a habeas claim is about to expire, he might wish to consider filing the petition and then asking the federal court to stay it pending exhaustion in the state court. A federal court may stay a habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if outright dismissal of a habeas petition would jeopardize the timeliness of a future petition; there is good cause for the petitioner's failure to exhaust those claims; the unexhausted claims are not "plainly meritless"; and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

To assist Petitioner, the Clerk of Court is **DIRECTED** to mail him a 28 U.S.C. § 2254 packet and a copy of the Court's *pro se* prisoner handbook.

The Clerk of Court is **DIRECTED** to **CLOSE THIS ACTION**.

Date:

cc: Petitioner, *pro se*
     Counsel of Record
4414.008